UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CITY OF MURFREESBORO, TENNESSEE,<br><br>    Plaintiff,<br><br>v.<br><br>BFI WASTE SYSTEMS OF TENNESSEE, LLC, et al.,<br><br>    Defendants. | Case No. 3:22-cv-00605<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Special Master Robert J. Martineau has filed his report and recommendation addressing discovery issues referred to him by the Court in its September 23, 2025 order (Doc. No. 213). Plaintiff City of Murfreesboro, Tennessee, filed objections to the report. (Doc. No. 223.) Defendants BFT Waste Systems of Tennessee, LLC, et al., responded in opposition to the City's objections. (Doc. No. 225.) Having conducted a de novo review, the Court finds the City's objections without merit and adopts the Special Master's report in full.

## I.     Legal Standard

The Court appointed the Special Master "to . . . address pretrial . . . matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). In the absence of the parties' agreement otherwise, the Court decides de novo all objections to the Special Master's recommendations or findings of fact. Fed. R. Civ. P. 53(f)(3). The Court also decides de novo all objections to the Special Master's conclusions of law. Fed. R. Civ. P. 53(f)(4).

## II. Analysis

Central to the City's objections is the parties' agreement in a joint motion to stay discovery while mediation progressed that, if the mediation failed, "the parties have agreed to limit discovery to only those requests which are currently pending . . . and there would be no further sampling events, no further written discovery requests, etc." (Doc. No. 165.) The Court adopted the parties' agreement and ordered, in granting the stay, that, "if the litigation proceeds, no additional discovery will be propounded by any party." (Doc. No. 166.) The City argues that the parties' agreement amounted to a stipulation about discovery procedure under Federal Rule of Civil Procedure 29(b) and that the Court has broad discretion to set it aside. (Doc. No. 223.) Defendants argue that the agreement may only be set aside to prevent a "manifest injustice." (Doc. No. 225.) The Special Master concluded that the City's arguments to set aside the agreement and court order failed under either standard. (Doc. No. 219.)

The Court agrees. The City's primary argument is that the parties could not have anticipated when they entered into the agreement that their mediation efforts would extend from January 2024 to July 31, 2025, when the Murfreesboro City Council voted to reject the parties' settlement agreement (Doc. No. 209). While the parties may not have anticipated such a protracted mediation at the time they first requested that discovery be stayed, the City cannot argue that it did not have numerous opportunities over the following nineteen months to ask the Court to revise its order, to move to reopen discovery, or to reach a different agreement with Defendants. It did not, and it has offered no explanation for that failure that warrants the Court's exercise of discretion to override the parties' agreement or reverse its own order staying discovery. Further, the parties have worked with the Special Master to reach agreement as to a reasonable scope of discovery that will move forward as the case progresses. To allow the City the full scope of the new discovery it now seeks to pursue would deny Defendants the benefit of their agreement and reward the City for

unilaterally rejecting the agreement reached by the parties after nineteen months of case resolution efforts assisted by a mediator and the Special Master. Accordingly, the City's arguments fail whether the Court construes the parties' agreement as a discovery stipulation under Rule 29 or as a contract adopted by its own order. No further discovery outside of that agreed to by the parties shall be conducted

Resolution of this issue also resolves the City's remaining objections. Accordingly, the Court will reject the City's objections and adopt the Special Master's report in full.

**III.    Conclusion**

For these reasons, the Court ADOPTS the report and recommendation of Special Master Robert J. Martineau (Doc. No. 219) in full. The parties are ORDERED to comply with its direction in concluding their discovery efforts.

The parties are further ORDERED to file a joint proposed amended case management order reflecting all outstanding case management deadlines and proposing an amended target trial date by January 26, 2026.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge