IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CITY OF MURFREESBORO, TENNESSEE, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:22-cv-00605 |
| v. | ) ) | JUDGE RICHARDSON |
| BFI WASTE SYSTEMS OF TENNESSEE, LLC, ET AL., | ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court[1] is a motion for review (Doc. No. 247, "Motion") filed by Plaintiff, the City of Murfreesboro, Tennessee. Via the Motion, Plaintiff seeks a review of the Magistrate Judge's non-dispositive order (Doc. No. 244, "At-Issue Order"), wherein the Magistrate Judge adopted the report and recommendation (Doc. No. 219, "R&R") of Special Master Robert J. Martineau ("Special Master") and thereby ordered that Plaintiff be prevented from conducting certain discovery. Defendant BFI Waste Systems of Tennessee, LLC[2] ("Defendant BFI") has filed a response (Doc. No. 257, "Response") in opposition to the Motion.

For the reasons described herein, the Motion (Doc. No. 247) is **DENIED**.

---

[1] Herein—except in quoted portions of the At-Issue Order wherein the Magistrate Judge refers to herself as "the Court"—"the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the At-Issue Order.

[2] Republic Services of Tennessee, LLC and Republic Services, Inc. are co-defendants of Defendant BFI. These two co-defendants did not respond to the Motion. The Court herein will refer to Defendant BFI, Republic Services of Tennessee, LLC and Republic Services, Inc. collectively as "Defendants."

<u>BACKGROUND</u>

This case arises out of a dispute concerning the Middle Point Landfill ("MPL") in Murfreesboro, Tennessee, and more particularly the alleged discharge (from MPL) of leachate containing per- and polyfluoroalkyl substances (commonly known as "PFAS") into a local river, the alleged release of gases into neighborhoods near the MPL, and alleged violations of the Clean Water Act and Clean Air Act as a result of practices at the MPL. (Doc. No. 247 at 1).[3] The instant Motion arises out of a two-year-old stay of discovery and subsequent failed mediation. Below, the Court will discuss this stay of discovery and mediation—and events and orders relating to the stay and mediation.

On January 5, 2024, Plaintiff and Defendants filed a "Joint Motion for Stay of Discovery" (Doc. No. 165, "Motion for Stay"), therein seeking a stay of discovery pending a planned mediation. (*Id.* at 1). In the Motion for Stay, Plaintiff and Defendants agreed "to a 30 day stay of all discovery beginning January 5, 2024" (*id.* at 1), and further agreed, in the event that the mediation was to fail, "to limit discovery to only those requests which are currently pending– i.e. depositions requested and/or scheduled, subpoenas already served and/or noticed, and there would be no further sampling events, no further written discovery requests, etc." (*Id.* at 2).[4] Subsequently, the Magistrate Judge granted the Motion for Stay in an order (Doc. No. 166, "Stay Order"), therein staying discovery and also ordering—and thereby in practice adopting the Discovery Stipulation— that "[i]f the litigation proceeds [as a result of the mediation failing], no additional discovery will be propounded by any party." (*Id.* at 1). The stay of discovery was subsequently extended various

---

[3] The underlying circumstances of this action are not relevant to the Court's decision on the instant Motion, and the Court merely provides this information as general background.

[4] Herein the Court will use the term "Discovery Stipulation" to refer to the agreement of Plaintiff and Defendants to permit no additional discovery if the mediation was to fail.

times (Doc. Nos. 175, 181, 183, 185, 189, 194, 198, 201, 208) to permit mediation to continue and to permit continued discussion between Plaintiff and Defendants regarding a tentative settlement agreement between the parties. Ultimately, on August 6, 2025, Plaintiff and Defendants informed the Court that the tentative settlement agreement they had reached was rejected by the city council of Murfreesboro, Tennessee. (Doc. No. 209). The stay on discovery was subsequently lifted, and the Magistrate Judge referred the parties' discovery disputes to the Special Master (Doc. No. 213).

The Special Master subsequently issued the R&R, therein recommending that some limited supplemental discovery agreed to by the parties[5] be permitted, but otherwise recommending that additional discovery sought (solely) by Plaintiff be disallowed because of the Discovery Stipulation and the Magistrate Judge's adoption of the Discovery Stipulation in the Stay Order. (Doc. No. 19 at 8-9, 11-12, 13-14). Plaintiff then filed objections (Doc. No. 223, "Objections") to the R&R. Central to the Objections was Plaintiff's contention that the Discovery Stipulation should be construed as a stipulation concerning discovery procedure under Fed. R. Civ. P. 29(b) and can (and should in this case) be set aside for good cause, thereby permitting Plaintiff to conduct additional discovery. (Doc. No. 223 at 2-5). Defendant BFI filed a response (Doc. No. 225) to the Objections, arguing that: (1) the Discovery Stipulation is not governed by Rule 29(b), and so relief from the Discovery Stipulation should be granted only if it would prevent "manifest injustice," (Doc. No. 225 at 2-3 (quoting *Fairway Const. Co. v. Allstate Modernization, Inc.*, 495 F.2d 1077, 1079 (6th Cir. 1974)); (2) Plaintiff cannot demonstrate that setting aside the Discovery

---

[5] Arguably, such an agreement by the parties effectively altered the Discovery Stipulation as it was initially written, by permitting Plaintiff to conduct additional discovery not otherwise permitted by the Discovery Stipulation. No issues concerning this (seeming) alteration of the Discovery Stipulation are before the Court via the instant Motion, but the Court notes it here to make clear that the terms of the Discovery Stipulation do not contemplate such additional discovery.

Stipulation would prevent manifest injustice; and (3) in the alternative, Plaintiff cannot show good cause to set aside the Discovery Stipulation under Rule 29(b). (Doc. No. 225 at 2-6).

In the At-Issue Order, the Magistrate Judge found the Objections without merit and adopted the R&R in full. (Doc. No. 244 at 1). In relevant part, the Magistrate Judge found:

> Central to [Plaintiff's] objections is the parties' agreement in a joint motion to stay discovery while mediation progressed that, if the mediation failed, "the parties have agreed to limit discovery to only those requests which are currently pending . . . and there would be no further sampling events, no further written discovery requests, etc." (Doc. No. 165.) The Court adopted the parties' agreement and ordered, in granting the stay, that, "if the litigation proceeds, no additional discovery will be propounded by any party." (Doc. No. 166.) [Plaintiff] argues that the parties' agreement amounted to a stipulation about discovery procedure under Federal Rule of Civil Procedure 29(b) and that the Court has broad discretion to set it aside. (Doc. No. 223.) Defendants argue that the agreement may only be set aside to prevent a "manifest injustice." (Doc. No. 225.) The Special Master concluded that [Plaintiff's] arguments to set aside the agreement and court order failed under either standard. (Doc. No. 219.)

> The Court agrees. [Plaintiff's] primary argument is that the parties could not have anticipated when they entered into the agreement that their mediation efforts would extend from January 2024 to July 31, 2025, when the Murfreesboro City Council voted to reject the parties' settlement agreement (Doc. No. 209). While the parties may not have anticipated such a protracted mediation at the time they first requested that discovery be stayed, [Plaintiff] cannot argue that it did not have numerous opportunities over the following nineteen months to ask the Court to revise its order, to move to reopen discovery, or to reach a different agreement with Defendants. It did not, and it has offered no explanation for that failure that warrants the Court's exercise of discretion to override the parties' agreement or reverse its own order staying discovery. Further, the parties have worked with the Special Master to reach agreement as to a reasonable scope of discovery that will move forward as the case progresses. To allow the [Plaintiff] the full scope of the new discovery it now seeks to pursue would deny Defendants the benefit of their agreement and reward the [Plaintiff] for unilaterally rejecting the agreement reached by the parties after nineteen months of case resolution efforts assisted by a mediator and the Special Master. Accordingly, the [Plaintiff's] arguments fail whether the Court construes the parties' agreement as a discovery stipulation under Rule 29 or as a contract adopted by its own order. No further discovery outside of that agreed to by the parties shall be conducted[.]

> Resolution of this issue also resolves [Plaintiff's] remaining objections. Accordingly, the Court will reject the [Plaintiff's] objections and adopt the Special Master's report in full.

(Doc. No. 244 at 2-3).[6]

Plaintiff now brings the instant Motion, again contending that the Discovery Stipulation should be construed as having been made under Rule 29(b), can therefore be set aside for good cause, should be set aside for good cause (Doc. No. 247 at 5-8), and that, accordingly, Plaintiff should be permitted to conduct the additional discovery that was not permitted (due to the Discovery Stipulation) by the R&R and the At-Issue Order adopting the R&R. (Doc. No. 247 at 8-17).[7]

As relevant to the instant Order, Defendant BFI in its Response to the Motion argues (as it did in its response to Plaintiff's Objections) that (1) the Discovery Stipulation is not governed by Rule 29(b) and so relief from the Discovery Stipulation should be granted only if it would prevent "manifest injustice"; (2) Plaintiff cannot demonstrate that setting aside the Discovery Stipulation would prevent manifest injustice; and (3) even if the Court were to construe the Discovery Stipulation as being made under Rule 29(b) (and thus able to be set aside for good cause), Plaintiff cannot show good cause for setting aside the Discovery Stipulation, let alone that the Magistrate Judge acted contrary to law in declining to set aside the Discovery Stipulation such as to entitle Plaintiff to relief from the At-Issue Order under Fed. R. Civ. P. 72(a). (Doc. No. 257 at 5-8).

---

[6] The Court notes its understanding that the rejection of the parties' settlement agreement by Plaintiff does *not* fall at the feet of Plaintiff's counsel and other representatives involved in the mediation process and settlement efforts.

[7] The Court notes for context that when it refers herein to the "additional discovery" that Plaintiff seeks to conduct if the Discovery Stipulation is set aside, it is referring solely to the discovery that the At-Issue Order *did not* permit Plaintiff to conduct—discovery which is different from and beyond the additional discovery that the parties agreed to engage in via the seeming amendment to the Discovery Stipulation discussed in a footnote above.

<u>LEGAL STANDARD</u>

Generally, pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a magistrate judge's nondispositive order that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *E.E.O.C. v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law standard authorizes the district court to conduct plenary review of the magistrate judge's legal conclusions, exercising its independent judgment and overturn[ing] any conclusions of law which contradict or ignore applicable precepts of law." *Daugherty v. Int'l Union*, No. 3:08-CV-00695, 2011 WL 4055722, at *2 (M.D. Tenn. Sept. 13, 2011) (quoting *Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d at 605) (internal quotation marks omitted). Importantly, a mere disagreement with the magistrate judge and an assertion that the magistrate judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge *determines* a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.").

When (as here) a district judge is reviewing a magistrate judge's order related to *discovery* matters in particular, in considering whether a magistrate judge's decision on a discovery matter is contrary to law or clearly erroneous, a district judge considers whether the magistrate judge abused their discretion in making their decision. *See Burghardt v. Ryan*, No. 5:19-CV-325, 2020 WL 4350049, at *2 (N.D. Ohio July 29, 2020). *See also Simmons v. Simpson*, No. CIV.A.3:07CV-313S, 2009 WL 4799424, at *3 (W.D. Ky. Dec. 10, 2009) ("Decisions made by a magistrate judge relating to discovery matters are generally reviewed only under an abuse of discretion standard." (citing *Baker v. Peterson*, 67 F. App'x 308 (6th Cir. 2003))); *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) ("In the context of a discovery dispute, courts review a magistrate judge's decision for an abuse of discretion."); *Iams Co. v. Nuro Products, Inc.*, No. 3:00-CV-566, 2004 WL 5831566, at *1 n.3 (S.D. Ohio Aug. 23, 2004) ("A district judge reviewing a magistrate judge's discovery orders would apply the same abuse of discretion standard as the courts of appeals apply."); *UnitedHealthcare Servs., Inc. v. Team Health Holdings, Inc.*, No. 3:21-CV-00364-DCLC-DCP, 2025 WL 3217033, at *2 (E.D. Tenn. Nov. 18, 2025) ("In the context of a discovery dispute, courts review a magistrate judge's decision for an abuse of discretion."). Put another way, a magistrate judge's decision with respect to a discovery matter is contrary to law or clearly erroneous only if that decision constitutes an abuse of discretion.

The abuse of discretion standard is highly deferential. "Under this deferential standard, '[t]he party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters.'" *Burghardt*, 2020 WL 3240049, at *2 (quoting *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005)). Indeed, one district court has noted (correctly, in the Court's

view) that under the "abuse of discretion" standard, "the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion." *Sherrod*, 2014 WL 309948, at *2 (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y.2006)). *But see Burghardt*, 2020 WL 4350049, at *2 (an abuse of discretion occurs when the magistrate judge "applies the wrong legal standard, [or] misapplies the correct legal standard." (quoting *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002))).

DISCUSSION

As noted above, the crux of Plaintiff's Motion is that the Magistrate Judge acted contrary to law in declining to set aside the Discovery Stipulation. (Doc. No. 247 at 5). Plaintiff specifically argues that the Discovery Stipulation should be treated as having been made under Rule 29(b), can accordingly be set aside for good cause, and *should* be set aside for good cause, thereby permitting Plaintiff to conduct additional discovery. (Doc. No. 247 at 5-8). As an initial matter, the Court will assume *arguendo* that the Discovery Stipulation should be treated as having been made under Rule 29(b) and can thus be set aside for good cause (that is, of course, not to say that it *will* be set aside in this case). As will become clear below, even in making this favorable assumption for Plaintiff, the Court can identify no basis to overturn the Magistrate Judge's decision in the At-Issue Order.

Rule 29 governs stipulations about discovery procedures. Rule 29(b) specifically provides that parties may stipulate that "procedures governing or limiting discovery be modified." Fed. R. Civ. P. 29(b).

With respect to stipulations under Rule 29(b), one magistrate judge recently observed:

> Rule 29 is entitled "Stipulations About Discovery Procedure," so it should be construed under the principles of discovery law rather than contract law. Unlike a court's duty to enforce contracts, "[t]he discovery rules vest broad discretion in the trial court." *Waters v. City of Morristown, TN*, 242 F.3d 353, 363 (6th Cir. 2001). And even court-ordered deadlines are subject to modification based on good cause or excusable delay. *See, e.g.*, Fed. R. Civ. P. 6(b) & 16(b)(4). Treating Rule

29(b) stipulations as sacrosanct contracts is incompatible with the broad discretion courts enjoy when managing discovery. *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("A district court enjoys broad discretion in managing discovery.").

And because Rule 29(b) stipulations limiting discovery are comparable to scheduling orders that limit the periods for discovery, the Court finds that the party seeking to modify a stipulation must show good cause and a lack of prejudice to the nonmovant. *See E.E.O.C. v. AutoZone, Inc.*, 248 F.R.D. 542, 543 (W.D. Tenn. 2008) ("In addition to the explicit good cause requirement of Rule 16(b), when deciding whether or not to allow a party to amend a deadline set in the scheduling order, the court should also consider the potential prejudice to the non-movant.").

*Saeed v. TTI Consumer Power Tools, Inc.*, 348 F.R.D. 83, 86 (E.D. Mich. 2024).[8] Put another way, and assuming *arguendo*, as the Court does, that the Discovery Stipulation should be treated as having been made under Rule 29(b), the Magistrate Judge had broad discretion to consider whether

---

[8] The Court notes that there is disagreement even between district courts in the Sixth Circuit as to whether a Rule 29(b) stipulation can be set aside for "good cause," or instead whether such a stipulation should be treated according to contract principles. As one district court found in determining that state principles of contract law apply in considering stipulations under Rule 29(b):

> Rule 29(b) permits parties to stipulate, without court approval, to "procedures governing or limiting discovery," so long as those procedures do not alter the discovery timeline. *See, e.g., Kutzback v. LMS Intellibound, LLC*, No. 213-cv-02767, 2020 WL 1317345, at *4 (W.D. Tenn. Mar. 17, 2020); *United Parcel Serv. Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-cv-00609, 2018 WL 3199475, at *12 (W.D. Ky. Apr. 16, 2018), *objections overruled*, No. 3:16-cv-00609, 2018 WL 3244103 (W.D. Ky. July 3, 2018). The purpose of these stipulations is to "eliminate the cost, effort and expense involved in court intervention in discovery through motion practice." *Widevine Techs., Inc. v. Verimatrix, Inc.*, No. 2-07-cv-321, 2009 WL 4884397, at *2 (E.D. Tex. Dec. 10, 2009) (citing *Lee v. Cent. Gulf Towing, L.L.C.*, 2004 WL 2988478, *2 (E.D. La. 2004)). If a stipulation agreement is properly formed, courts must enforce the agreement "according to [its] terms." *In re XPO Logistics, Inc.*, No. 15 MISC. 205, 2017 WL 6343689, at *7 (S.D.N.Y. Dec. 11, 2017) (citations omitted); *see also Widevine Techs.*, 2009 WL 4884397, at *2. "There would be little point in Rule 29(b) authorizing parties to stipulate to discovery matters if those stipulations could not be enforced." *In re DFI Proceeds, Inc.*, 441 B.R. 914, 917 (Bankr. N.D. Ind. 2011).

*Elvis Presley Enterprises, Inc. v. City of Memphis, Tenn.*, No. 2:18-CV-02718, 2020 WL 4015476, at *4 (W.D. Tenn. July 16, 2020). Put another way, even if the Discovery Stipulation is properly understood as having been made under Rule 29(b), it is unclear whether the decision to set aside the Discovery Stipulation should in fact be considered under a "good cause" standard. Even so, the Court assumes *arguendo*, and favorably for Plaintiff, that the "good cause" standard applies to the Discovery Stipulation. This assumption (like the prior assumption, which also benefitted Plaintiff) ultimately does not avail Plaintiff, for the reasons described below.

good cause existed to modify or set aside the Discovery Stipulation. Thus, given that the current Motion concerns a discovery dispute, the Court must determine whether the Magistrate Judge, in the At-Issue Order, acted contrary to law through abusing her discretion in declining to set aside the Discovery Stipulation—thereby declining to permit Plaintiff to conduct its additional sought-after discovery.

As an initial matter, and as noted above, the Magistrate Judge found in the At-Issue Order:

> [Plaintiff's] primary argument is that the parties could not have anticipated when they entered into the agreement that their mediation efforts would extend from January 2024 to July 31, 2025, when the Murfreesboro City Council voted to reject the parties' settlement agreement (Doc. No. 209). While the parties may not have anticipated such a protracted mediation at the time they first requested that discovery be stayed, [Plaintiff] cannot argue that it did not have numerous opportunities over the following nineteen months to ask the Court to revise its order, to move to reopen discovery, or to reach a different agreement with Defendants. It did not, and it has offered no explanation for that failure that warrants the Court's exercise of discretion to override the parties' agreement or reverse its own order staying discovery. Further, the parties have worked with the Special Master to reach agreement as to a reasonable scope of discovery that will move forward as the case progresses. To allow the [Plaintiff] the full scope of the new discovery it now seeks to pursue would deny Defendants the benefit of their agreement and reward the [Plaintiff] for unilaterally rejecting the agreement reached by the parties after nineteen months of case resolution efforts assisted by a mediator and the Special Master. Accordingly, the [Plaintiff's] arguments fail whether the Court construes the parties' agreement as a discovery stipulation under Rule 29 or as a contract adopted by its own order. No further discovery outside of that agreed to by the parties shall be conducted[.]

(Doc. No. 244 at 2-3). The Court does not find that the Magistrate Judge acted contrary to law here because the Court does not perceive any manner in which the Magistrate Judge abused her discretion. Indeed, the Court agrees—although under the applicable standard of review it does not necessarily need to agree in order to affirm the At-Issue Order—with the Magistrate Judge that Plaintiff has not shown good cause to set aside the Discovery Stipulation. Via the Discovery Stipulation, Plaintiff and Defendants agreed to no additional discovery if the mediation failed. Now, via the instant Motion, Plaintiff simply wants out of the stipulation it entered into with

Defendants, and has not shown good cause to justify setting aside the Discovery Stipulation, let alone that the Magistrate Judge acted contrary to law (through abusing her discretion)—as required for this Court to disturb the Magistrate Judge's ruling in the At-Issue Order—in declining to set aside the Discovery Stipulation and thereby declining to permit Plaintiff to conduct additional discovery.

Although Plaintiff argues that the Discovery Stipulation should be set aside because of the changed circumstances since the parties entered into the Discovery Stipulation (Doc. No. 247 at 6-7), such an argument is unavailing. On this point, Plaintiff particularly argues that the parties:

> did not, nor could they at the time, contemplate the mediation would last for a year and a half. Nor, after the efforts on both sides, and several fits and starts, did they contemplate the mediation would ultimately fail and that litigation would resume two years after the initial 30-day stay.

(Doc. No. 247 at 7). Plaintiff's assertion here may be true enough—insofar as the parties might not have initially contemplated so long a mediation or discovery stay as ultimately occurred, but the risk of mediation dragging out and the settlement agreement that the parties were contemplating falling through—and litigation thus recommencing—were risks that Plaintiff (and indeed Defendants) assumed when it agreed to the Discovery Stipulation. In fact, it was Plaintiff— through the city council of Murfreesboro, Tennessee rejecting the settlement agreement between the parties (Doc. No. 209)—that ultimately prevented a settlement being consummated between Plaintiff and Defendants. Put another way, even if the Magistrate Judge could have been swayed by Plaintiff's argument here, the Magistrate Judge did not act contrary to law (through abusing her discretion) by declining to be swayed by this argument.

Moreover, it is not lost on the Court that Plaintiff made no effort to alter or set aside the Discovery Stipulation once it became clear that the mediation would drag on beyond a period of 30 days (or even a few months). Instead, Plaintiff waited until the mediation had failed and the

parties' tentative settlement agreement had been rejected before seeking to renege on its commitment to Defendants in the Discovery Stipulation. To put it another way, Plaintiff, by waiting some two-years before seeking to modify the Discovery Stipulation, cannot show good cause to justify setting aside the Discovery Stipulation now, let alone show that the Magistrate Judge acted contrary to law in declining to set aside the Discovery Stipulation—thereby declining to permit further discovery to be conducted by Plaintiff—because of Plaintiff's delay. *Cf. Kassim v. City of Schenectady*, 221 F.R.D. 363, 366 (considering whether good cause existed to modify discovery order, and noting that good cause "depends upon the diligence of the moving party."); *Grand v. City of Univ. Heights*, No. 1:22-CV-01594, 2023 WL 8456409, at *1 (N.D. Ohio Nov. 17, 2023) ("A party demonstrates sufficient good cause to alter the discovery deadlines established by the Court when it shows that, despite its diligence, the established deadline could not be met.").[9]

Moreover, in the Motion Plaintiff states that if Plaintiff had "added a request to revise or reopen discovery"—and thereby asked to alter the Discovery Stipulation—during the time that mediation was ongoing (and discovery was stayed) such a request would have jeopardized the mediation. (Doc. No. 247 at 7). Plaintiff so states as if this helps Plaintiff, but in fact this statement does the opposite. It only serves to highlight that the counterparty to the mediation (Defendants) would have been upset by such a request *because it runs directly counter to the very conditions under which Defendants agreed to mediate in the first place*. In other words, this statement shows only that the mediation to which the parties agreed was premised upon each party being able to rely on the Discovery Stipulation, and that therefore permitting Plaintiff to conduct its additional

---

[9] The Court notes that although the At-Issue Order did not explicitly reference legal authority in its reasoning that permitting Plaintiff additional discovery was not warranted (in part) due to Plaintiff's delay in seeking to set aside the Discovery Stipulation, such a finding is well supported by case law, as shown by the cases cited above.

sought-after discovery[10] would serve to undercut Defendants' reasonable reliance on the Discovery Stipulation.

Relatedly, the Court concludes easily that by waiting until mediation had failed and *then* seeking to reopen discovery, Plaintiff is seeking to have its metaphorical cake and eat it too. In other words, on the front end, Plaintiff wanted and received the benefit of the Discovery Stipulation—i.e., the benefit derived from convincing Defendants to accede to an ultimately lengthy (though unsuccessful) mediation based on a promise not to engage in additional discovery if the mediation failed. But now, on the back end, Plaintiff seeks to avoid the downsides of the arrangement to which it agreed—i.e., the inability to conduct additional discovery in the event that the mediation failed.

In effect, Plaintiff is requesting via the Motion that the Court step in to save it from its own decisions and to reward Plaintiff for its own conduct in unilaterally rejecting the tentative settlement agreement entered into between the parties. (Doc. No. 209). This the Court will not do. Granting the Motion and setting aside the Discovery Stipulation would not only encourage gamesmanship from future litigants—insofar as these future litigants would recognize that discovery stipulations under Rule 29(b) can be easily set aside—but also would prejudice Defendants by depriving them of the benefit of the agreed to Discovery Stipulation and accordingly subjecting them to additional discovery that surely would occasion expense and delay.

All told, the Court finds that the Magistrate Judge did not act contrary to law as she did not abuse her discretion in declining to set aside the Discovery Stipulation (thus declining to permit additional discovery to be conducted by Plaintiff). *Burghardt*, 2020 WL 4350049, at *2. Indeed,

---

[10] As noted in a footnote above, when the Court refers herein to the "additional discovery" that Plaintiff seeks to conduct if the Discovery Stipulation is set aside, it is referring solely to the discovery that the At-Issue Order *did not* permit Plaintiff to conduct—discovery which is different from and beyond the additional discovery that the parties agreed to engage in via the seeming amendment to the Discovery Stipulation.

as the Court has noted in a footnote above, there was legal authority that supports the Magistrate Judge's conclusion in declining to set aside the Discovery Stipulation for good cause, so the Court cannot discern how the Magistrate Judge abused her discretion (and thus acted contrary to law) in issuing the At-Issue Order. *See Sherrod*, 2014 WL 309948, at *2 (noting that when considering an abuse of discretion that "the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion."). So, Plaintiff has not met— or come even anywhere close to meeting—its heavy burden to overturn the Magistrate Judge's ruling in the At-Issue Order that the Discovery Stipulation should not be set aside.[11] *See Burghardt*, 2020 WL 4350049, at *2 (noting that a party seeking to reverse a Magistrate Judge's ruling on a discovery matter bears a "heavy burden.").

Thus, the Court will not set aside the Discovery Stipulation, and the remainder of Plaintiff's Motion—where Plaintiff seeks additional discovery that the R&R and the At-Issue Order did not permit because of the Discovery Stipulation and the Magistrate Judge's previous adoption of the Discovery Stipulation in the Stay Order—will also be denied. Accordingly, the Motion will be denied in its entirety.

CONCLUSION

Therefore, for the reasons stated herein, the Motion (Doc. No. 247) is **DENIED** in its entirety.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[11] Indeed, the Court notes that via the Motion Plaintiff seems—as least in part—to simply repeat the arguments it made in its Objections to the R&R, rather than actively trying to show that the Magistrate Judge *abused her discretion so as to act contrary to law* in issuing the At-Issue Order.