**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF MURFREESBORO, TENNESSEE,<br><br>Plaintiff,<br><br>v.<br><br>BFI WASTE SYSTEMS OF TENNESSEE, LLC; REPUBLIC SERVICES OF TENNESSEE, LLC; and REPUBLIC SERVICES, INC.,<br><br>Defendants.<br><br>BFI WASTE SYSTEMS OF TENNESSEE, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>RUTHERFORD COUNTY, TENNESSEE,<br><br>Third-Party Defendant. | ) | Case No. 3:22-cv-00605<br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE EVANS |

**RESPONSE OF LOUIS W. RINGGER III**
**TO SHOW CAUSE ORDER**

Louis W. Ringger III, counsel for Plaintiff City of Murfreesboro, Tennessee, respectfully submits this Response to the Court's Order to Show Cause entered July 30, 2026 (Doc. 321). The undersigned accepts sole responsibility for each of the four discrepancies the Order identifies. He was the only attorney to sign Doc. 293. He alone drafted it. The undersigned is admitted to practice in Tennessee and is admitted to the bar of this Court; he did not appear in this matter pro hac vice, and Sherrard Roe Voigt & Harbison, PLC is not acting as local counsel. Ringger Decl. ¶ 1. No other attorney named in its signature block drafted the language the Court has identified, reviewed it, or was asked to review it, and none of them signed the filing. Responsibility for opposing BFI's Motion for Protective Order was assigned to the undersigned; he accepted it; and he accepts

responsibility now for responding to this Order, for curing the defects in the record, and for whatever the Court deems necessary. In support of this Response, the undersigned submits his Declaration, attached as Exhibit 1, and documentation of the continuing legal education described below, attached as Exhibit 2.

## I. INTRODUCTION

The undersigned does not dispute the Court's findings. Each of the four discrepancies identified in the Order is a defect in a document the undersigned drafted and signed, and the undersigned accepts sole responsibility for each of them. This Response does not seek to justify those defects. It states what the undersigned has done to correct the record, what he proposes to do to complete that correction, and what he has done to ensure the errors are not repeated.

Two of the four discrepancies were corrected on June 8, 2026, soon after BFI identified them and before the subject Order issued, in a Notice of Correction accompanied by a corrected brief, a redline, and an apology to the Court. Doc. 301. As to the remaining two, the undersigned states below that the Court's reading of the authorities is correct, the sentence and citations at issue are withdrawn, and a supplemental corrected filing is proposed to complete the record. As indicated below, the undersigned offers his sincerest apologies to the Court for the burden these errors placed on the Court's staff and opposing counsel.

## II. PROCEDURAL BACKGROUND

BFI filed its Motion for Protective Order on May 15, 2026. Doc. 291. The City filed its Response in Opposition seven days later on May 22, 2026. Doc. 293. The undersigned was the drafting attorney for that Response and signed it. Ringger Decl. ¶ 3. On May 29, 2026, BFI filed its Reply, which identified citation defects in the Response. Doc. 299. The City did not contest those objections. On June 8, 2026, the City filed a Notice of Correction, which withdrew the quotation marks from the *Rossi* and *Petrie* parentheticals, corrected the *Petrie* pinpoint citation,

withdrew and replaced a citation attributed to the wrong court, and revised a further sentence. Doc. 301. The Notice attached a Corrected Response and a redline reflecting each change, stated the undersigned's apology for the errors, and sought no relief beyond an accurate record. *Id.* Ringger Decl. ¶¶ 12-14. The Notice of Correction was responsive in nature. Its purpose was to correct the citations BFI had placed in issue in its Reply, and it did so in a form the Court and opposing counsel could verify against the Reply itself. The two additional matters the Court has identified are addressed in Part IV below and corrected without qualification. The Court entered its Order to Show Cause on July 30, 2026. Doc. 321.

## III. THE UNDERSIGNED ACCEPTS SOLE RESPONSIBILITY FOR THE DEFECTS IDENTIFIED IN THE ORDER

An attorney's signature on a legal brief is a representation that the brief may be relied upon. When a brief encloses language in quotation marks and attributes it to a judicial opinion, it represents that the opinion contains that language. When a brief states that a case held something, it represents that the case so held. A court is entitled to proceed on those representations without independently confirming them. The undersigned recognizes that this Court could not do so because of the citation errors. It was required to examine the authorities the Response cited in order to determine whether they said what the Response claimed, and the Court should have been able to rely upon the undersigned's representations of the authorities cited therein.

That obligation belonged to the undersigned alone. It was not shared with the other attorneys and firms named on the brief. The undersigned was the drafting attorney. He placed the quotation marks where they appear, and he wrote the sentences the Court has identified. No other person named in that filing drafted, reviewed, or approved the language at issue, and no other person bears any part of the responsibility for it. Ringger Decl. ¶¶ 3-5.

These errors should not have occurred, and the undersigned takes responsibility for them. The circumstances in which each defect entered the document are set out in the accompanying Declaration. Ringger Decl. ¶¶ 6-11. The undersigned offers those circumstances as an account of what occurred and not as a justification. Each of these defects was avoidable, and the undersigned regrets that they appeared in a filing bearing his signature.

## IV. THE ERRONEOUS CITATIONS

### A. Murphy, Rossi, and Petrie.

Three of the four discrepancies the Court has identified share a common origin. The Response asserted at page 11 that federal courts addressing renewed Rule 45 subpoenas to the same non-party characterize them as continuations of the original discovery rather than new requests. The undersigned drafted that sentence, and it was overstated. It should not have been framed in categorical terms, and the cited authorities did not support the proposition as stated. The Response presented those authorities as though they were directly supportive. They were not. The explanatory parenthetical language, apart from the misplaced quotation marks, was included to support the overstated proposition, and that was a mistake. Ringger Decl. ¶ 7.

The Court's reading of *Murphy* is correct. *Murphy* addressed whether twenty-four subpoenas served under a supplemental discovery scheduling order fell within the scope of that order, and whether the plaintiffs' interpretation of the order was substantially justified. The subpoenas there were new subpoenas issued in compliance with that order. The opinion does not describe them as "renewed," and it does not address the question for which the Response cited it.

The quotation marks in the *Rossi* and *Petrie* parentheticals are attributable in part to the manner in which the underlying research was conducted. The research was performed on Westlaw, to which the firm subscribes and which includes artificial-intelligence-assisted research features among its tools, and to a lesser extent through ordinary internet searches, which now incorporate

similar features. Research materials generated by those tools state holdings in their own words. Language drawn from those materials was carried into the Response inside quotation marks and attributed to the opinions themselves, when it was not language the courts had actually used. This was an admittedly sloppy mistake on the part of the undersigned, who should have but did not verify that language against the opinions before signing. Ringger Decl. ¶ 8. The overstated sentence at page 11 and the accompanying citations to *Murphy*, *Rossi*, and *Petrie* should be withdrawn in their entirety and no reliance placed upon them.

**B. Serrano and Rule 26(c).**

The Court is correct that the phrase "specific prejudice or harm" appears in neither Rule 26(c) nor *Serrano*, and the sentence at page 4 of the Response reads as though the phrase appears in the rule itself. The phrase actually originates in *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and appears in this Circuit in *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016). *Serrano* supplies the separate requirement of a particular and specific demonstration of fact, quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

This error had two sources. The first is the research described above. The language was taken from the research materials and placed in quotation marks, when it should not have been presented as quotation at all. The second arose in editing. The sentence originally carried a citation to *In re Ohio Execution Protocol* for the quoted language, and that citation was accidentally removed while the Response was being shortened for length before filing, leaving the quoted language attributed to *Serrano*. Once again, that was the undersigned's mistake, and it was admittedly sloppy. The same error occurred with the citation to the decision of the Eastern District of Virginia, which was corrected in the Notice of Correction (Doc. 301), and the undersigned regrets both making this error and not catching the *Serrano* issue before the Court brought it to his

attention. The undersigned proposes to correct the sentence at page 4 to cite *In re Ohio Execution Protocol*, as the Response does at pages 9, 20, and 21 and to leave *Serrano* cited for the standard it does supply.

**C. Proposed supplemental filing.**

For the sake of completeness, the undersigned has also corrected certain citations not identified in the Court's Order. The Response cites Federal Rule of Civil Procedure 26(e)(1)(A) and *Trapp v. Big Poppi Bicycle Co.*, 647 F. Supp. 3d 568, 573 (D. Kan. 2022), for the proposition that Rule 26(e) imposes no supplementation obligation on non-parties. *Trapp* is a real case addressing Rule 26(e), but it was incorrectly cited. The correct citation is to *Trapp v. Federal Express Corp.*, 647 F. Supp. 3d 567 (E.D. Mich. 2022). In addition to the citation errors, *Trapp* should not have been cited here because it does not specifically address third-party subpoenas, and Rule 26(e)(1)(A) supplies the proposition on its own terms. The undersigned should have caught this and removed the *Trapp* citation before signing. A further review of the citations in Doc. 293 also identified a number of additional quotation-mark and pinpoint-citation errors of the same character as those addressed above, and each of those has been conformed as well. A Supplemental Corrected Response reflecting all of the corrections described in this Response is attached as Exhibit 3, and a redline reflecting each change is attached as Exhibit 4. If the Court permits, the undersigned will file the Supplemental Corrected Response as a corrected filing of record. Whatever correction the Court directs will otherwise be made, in whatever form the Court prefers.

## V. SANCTIONS ARE NOT WARRANTED OR NECESSARY, AS COUNSEL RECOGNIZES THESE ERRORS AND HAS TAKEN STEPS TO ENSURE THEY NEVER HAPPEN AGAIN

**A. The erroneous citations do not warrant sanctions.**

The undersigned does not minimize these errors. They were the product of sloppy work, and the Court's characterization is fair. They were nonetheless honest mistakes, and the distinction

matters to what the Court is being asked to decide. The Order refers to hallucinated quotations. The cases the Court has identified are real decisions, and the undersigned reviewed them. The failure was one of care in drafting and verification, which the undersigned deeply regrets.

The errors are not reducible to one simple explanation. The undersigned stated a proposition more broadly than the authorities supported, and the parentheticals were written to support it. Language describing holdings was carried into the brief inside quotation marks when it was not the language of the courts. A correct citation was removed while the Response was being shortened for length, leaving quoted language attributed to the wrong case. The research tools described above contributed to counsel's use of the erroneous quotation marks, as set out in Part IV. While the use of those AI features is part of what happened here, it is not the whole of it, and most importantly, it does not diminish the undersigned's responsibility. He wrote the Response, made the arguments in it, and as an officer of the court was ultimately responsible for verifying the quotations against the opinions before signing.

The principal goal of Rule 11 sanctions is deterrence, with compensation a secondary goal, and a district court must consider whether the complained-of conduct was promptly brought to its attention as a question of mitigation. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). Courts should impose the least severe sanction likely to deter. *Id.*

**B. In this instance, the Court's authority to impose sanctions arises pursuant to its inherent powers to oversee the integrity of proceedings, rather than Rule 11, because Rule 11(d) excludes filings made in connection with a discovery motion.**

Before turning to the rule, the undersigned wishes to be clear that nothing in this section is offered to question the Court's authority to address what occurred in Doc. 293. He raises Rule 11(d) respectfully, and only because he believes the Court would wish to have the provision before it in deciding under which authority to proceed.

Rule 11(d) provides that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Subsection (d) thus "excludes from the purview of Rule 11 sanctions, discovery responses and motions that are subject to the provisions of Rules 26 through 37 of the Federal Rules of Civil Procedure." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57-58 (2d Cir. 2000). Doc. 293 is a response in opposition to a motion for a protective order under Rule 26(c).

The exclusion was a deliberate choice. Subdivision (d) was added by the 1993 amendments to Rule 11, and the Advisory Committee explained that "Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions," and that it is "appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Subdivision (d), the Committee explained, "has been added to accomplish this result." *Id.* The amendment reversed the position the Committee had taken a decade earlier, when it wrote that "[d]iscovery motions, however, fall within the ambit of Rule 11." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

The Sixth Circuit has applied Rule 11(d) to bar Rule 11 sanctions for conduct governed by Rules 26 through 37, observing that "[b]y its own terms, Rule 11 'does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.'" *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 856 (6th Cir. 2010). It has further observed that Rule 11 "sanctions may not be imposed for conduct related to discovery that is subject to the provisions of, among others, [Rule 37]." *Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102, 107 (6th Cir. 2009).

Within this Circuit, the Western District of Tennessee has acknowledged that Rule 11(d) "does not apply to . . . motions under Rules 26 through 37," concluding that statements contained in a motion for sanctions brought under Rule 37(e), and statements addressing conduct related to an underlying discovery dispute, fell outside the scope of Rule 11. *Lee v. Horton*, No. 2:17-cv-2766-JPM-tmp, 2018 WL 6323081, at *4 (W.D. Tenn. Dec. 4, 2018). *Accord Green v. FedEx Supply Chain, Inc.*, No. 21-cv-2518-JPM-tmp, 2022 WL 18584548 (W.D. Tenn. Aug. 3, 2022).

There is a modest division of authority on whether the Rule 11(d) exclusion reaches briefing filed in connection with a discovery motion, as distinct from the motion itself, and the undersigned brings that division to the Court's attention. The weight of authority appears to hold that it does. In *Nextpulse, LLC v. Life Fitness, LLC*, the court held that sanctions under Federal Rule of Civil Procedure 11 were inappropriate where "the offending brief was a response to a discovery motion." No. 22 C 3239, 2025 WL 2453720, at *3 (N.D. Ill. Mar. 7, 2025). In *Rogue Wave Software, Inc. v. BTI Systems Inc.*, the court vacated its own show cause order as improvidently issued when it concluded that Rule 11(d) barred sanctions for statements made in connection with a motion brought under Rule 37. The order had directed counsel to show cause why their conduct had not violated Rule 11(b), and an evidentiary hearing had been held; Rule 11(d) was raised for the first time in post-hearing briefing. No. 16-CV-7772 (VM) (KNF), 2018 WL 1737132, at *1 (S.D.N.Y. Feb. 16, 2018). *Accord Avent v. Solfaro*, 223 F.R.D. 184, 187-88 (S.D.N.Y. 2004); *Bell v. Classic Chevrolet/Buick & BMW, Inc.*, Civil No. 05-2262 (NLH), 2007 WL 9797530, at *1 (D.N.J. Sept. 27, 2007). Likewise, in *Johnson v. Dunn*, 792 F. Supp. 3d 1241 (N.D. Ala. 2025), the court concluded that because the filings at issue were discovery motions, Rule 11 "does not apply." *Id.* at 1258. *But see Doe I v. Exxon Mobil Corp.*, No. 1:01-cv-1357-RCL, 2021 WL 1910892, at *4 (D.D.C. May 12, 2021) (holding that Rule 11(d) excludes discovery

motions but not briefs filed in support of them, reasoning that Rule 11(b) reaches any "other paper" while Rule 11(d) enumerates a narrower list, and that the Rules do not use "motion" to include a brief).

In light of the weight of authority, and based on the text of the rule itself, the undersigned respectfully submits that Rule 11 does not apply to briefing filed in connection with a motion for a protective order under Rule 26(c). The undersigned does not suggest in any way that this leaves the Court without a mechanism to address inaccurate statements in a legal filing, as this Court has inherent authority to impose sanctions if warranted, only that this particular motion and responsive materials are not within the ambit of Rule 11 specifically.

### C. Sanctions under the Court's inherent authority require bad faith, which this record does not show.

A court's inherent authority to sanction requires a finding of bad faith. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002). That standard is distinct from, and higher than, the objective standard governing Rule 11. *Id.* The Sixth Circuit applies a three-part test: the claims advanced must have been meritless, counsel must have known or should have known they were meritless, and the motive for filing must have been an improper purpose such as harassment. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Meritlessness alone does not satisfy the standard. "[T]he mere fact that an action is without merit does not amount to bad faith." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010). Nor does error. In *United States v. Aleo*, the Sixth Circuit reversed a sanction imposed on counsel whose motion was meritless, holding that "[t]he record demonstrates only that Freeman's motion was in error, not that he filed it in bad faith." 681 F.3d 290, 306 (6th Cir. 2012). Negligent, even sloppy, performance is insufficient to support monetary sanctions under a court's inherent power. *Mich. Immigrant Rts. Ctr. v. U.S. Dep't of Homeland Sec.*, Civil Action No. 2:16-

cv-14192, 2020 WL 5627088 (E.D. Mich. Sept. 21, 2020). And in *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286 (E.D. Mich. July 28, 2025), the court considered legal briefs containing real case citations accompanied by inaccurate quotations and parentheticals and found no bad faith on the part of counsel. *Id.* at *2.

The Sixth Circuit applied the *Big Yank* test to inaccurate citations in *Whiting v. City of Athens, Tennessee*, 170 F.4th 455 (6th Cir. 2026). The court there found over two dozen fake citations and misrepresentations of fact in the briefs. *Id.* at 458. In addition, counsel had previously been disciplined for lack of candor, defied the court's order to show cause and refused to provide the information it requested, and responded by accusing the court of engaging in a vast conspiracy to harass them. *Id.* at 468-69. The undersigned respectfully submits that none of that conduct is present here.

The undersigned respectfully submits that his citation errors were not made in bad faith. Though admittedly sloppy, these were mistakes. The undersigned did not know the citations were inaccurate when he signed the brief. When BFI brought certain of the errors to his attention, he did not contest them or attempt to defend them, and did nothing other than take responsibility for them, as he does now for the additional matters the Court has identified. Those matters are conceded and withdrawn without argument. Sloppiness is what this record shows, not bad faith.

Courts finding bad faith in this context have relied on findings of a different character. In *Ali v. IT People Corp., Inc.*, the court explored six inaccuracies, found three "ambiguous and/or excusable," and rested its finding on two that altered the governing legal standard—a nonexistent bright-line deadline and language added to a sanctions standard—together with a citation to a regulatory provision that does not exist. No. 2:25-CV-10815, 2025 WL 2682622, at *2 (E.D. Mich. Sept. 19, 2025). It was "because the misquotes were on such pivotal legal issues" that the court

concluded they were "either made in bad faith, 'tantamount to bad faith,' or in the best possible light, wantonly." *Id.* In *Kruglyak v. Home Depot U.S.A., Inc.*, by contrast, the court declined to impose monetary sanctions where it found the errors negligent and not evincing bad faith. 774 F. Supp. 3d 767, 772-73 (W.D. Va. 2025).

The errors here did not alter the standard the Court would apply. The Response states the Rule 26(c) standard correctly at pages 9, 20, and 21, citing *In re Ohio Execution Protocol* for the phrase the Introduction misattributed. The withdrawn proposition—that federal courts characterize renewed Rule 45 subpoenas to the same non-party as continuations of the original discovery rather than new requests—was offered in support of a discrete point within one of four independent arguments for denying the motion. The undersigned makes this point solely to address the question of bad faith. He does not offer it to minimize the errors, which he has acknowledged without qualification.

The undersigned corrected the record as to the citations BFI identified before the Court issued its Order and has conceded and corrected the remainder without argument. He has undertaken continuing legal education on the topic of ensuring citation accuracy. Ex. 2. This matter has weighed heavily on the undersigned, and he will not soon forget it. He respectfully submits that whatever deterrent effect a sanction would serve has already been accomplished.

## VI. VOLUNTARY REMEDIAL MEASURES

The undersigned has completed Thomson Reuters training on the verification of authority and the proper use of Westlaw's research features, including instruction on verifying quotation accuracy through Quick Check, on the use of Litigation Document Analyzer to identify inaccurate citations and misstatements of law within a document, and on the appropriate use of AI-assisted research on Westlaw. The undersigned has also completed Responsible AI for Lawyers: Ethical

Limits, Judicial Scrutiny, and the Risks Attorneys Can't Ignore (2026 Edition), an on-demand continuing legal education program offered by myLawCLE. Ringger Decl. ¶ 15; Ex. 2.

While the undersigned respectfully asks that no sanction be imposed, to the extent the Court concludes that a sanction is appropriate, the undersigned offers to pay the reasonable fees and costs BFI's counsel incurred for the time expended on this issue. Ringger Decl. ¶ 19.

## VII. APPEARANCE

The undersigned is scheduled to appear before the Court on Thursday, August 6, 2026, for argument on pending motions. Although the Court's Show Cause Order is not noticed for that hearing, the undersigned will be prepared to address the Order, to answer any questions the Court may have, and to be heard on the appropriate disposition. It is the undersigned's understanding that Jeff Peach, City Attorney for the City of Murfreesboro, and Hunter C. Branstetter of Sherrard Roe Voigt & Harbison, PLC, will also appear and are prepared to be heard should the Court wish to hear from them.

## VIII. CONCLUSION

The undersigned drafted and signed Doc. 293, and the four discrepancies the Court has identified are his alone. He does not defend them. He has withdrawn the sentence and citations at issue, corrected the misattribution, and offered to make whatever further correction the Court directs.

For the reasons stated above, the undersigned respectfully submits that Rule 11 does not reach a brief filed in connection with a motion for a protective order under Rule 26(c), and that the record does not support the finding of bad faith that sanctions under the Court's inherent authority require. He respectfully requests that the Order to Show Cause be discharged without the imposition of sanctions. Should the Court conclude otherwise, he asks that any sanction be limited

to what suffices to deter, and he renews his offer to pay the reasonable fees and costs BFI's counsel incurred for the time expended on this issue.

The undersigned offers his sincere apology to the Court. He is grateful for the Court's attention to this matter and will be prepared to address it further at the Court's convenience.

Respectfully submitted,

By: /s/ Louis W. Ringger, III
Louis W. Ringger, III (TN BPR #033674)
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
Phone: (828) 622-0044
Fax: (828) 398-0435
bringger@enviroattorney.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served via ECF filing upon the following:

William G. Beck
Allyson E. Cunningham
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
william.beck@lathropgpm.com
allyson.cunningham@lathropgpm.com

Kayla Brewe
Lathrop GPM LLP
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri 63105
Kayla.Brewe@lathropgpm.com

Blaine Bengston
Lathrop GPM LLP
675 15th Street, Suite 2650
Denver, Colorado 80202
Blaine.Bengston@lathropgpm.com

Wells Trompeter
Holland & Knight LLP
511 Union Street, Suite 2700

Nashville, TN 37219
wells.trompeter@hklaw.com

*ATTORNEYS FOR DEFENDANTS*
This 5th day of August, 2026.

/s/ Louis W. Ringger, III