UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CITY OF MURFREESBORO, TENNESSEE,
    Plaintiff,

v.

BFI WASTE SYSTEMS OF TENNESSEE,
LLC,
    Defendants.

Case No. 3:22-cv-00605

Judge Eli J. Richardson
Magistrate Judge Luke A. Evans

## **MEMORANDUM ORDER**

On July 30, 2026, the Court ordered several of plaintiff's attorneys to show cause why they should not be sanctioned—under either or both of Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority—for filing a document at Doc. No. 293 that contained hallucinated quotations and misleading citations. (Doc. No. 321.) On behalf of all of the attorneys in question, attorney Louis W. Ringger III (Ringger) has filed a response. (Doc. No. 328.) Ringger has confirmed the Court's suspicion that a major factor in the deficiencies at Doc. No. 293—plus others that he identified (Doc. No. 328 at 6)—was the failure to check content generated through tools using artificial intelligence. Ringger has taken responsibility for the deficient document as its sole drafter; has offered an apology to the Court; and has explained certain voluntary remedial actions that he has taken to prevent the problem from recurring. Ringger has requested no imposition of sanctions but has offered, in the alternative, to reimburse defense counsel for reasonable costs and fees associated with addressing the deficiencies at Doc. No. 293. Ringger further has submitted a clean and redline draft of a proposed corrected version of Doc. No. 293.

Among other obligations, Rule 11 requires attorneys to certify that legal arguments in papers filed with the Court "are warranted by existing law." Fed. R. Civ. P. 11(b)(2). When a

violation of the rule occurs, the Court may impose an appropriate sanction under Rule 11(c)(1), but the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also Geller v. Michigan*, No. 17-13233, 2019 WL 6112329, at *3 (E.D. Mich. Nov. 18, 2019) ("[T]he primary purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender.") (citation omitted). Absent a motion from an opposing party for reimbursement of costs and fees, any monetary sanction would be payable to the Court. Fed. R. Civ. P. 11(c)(4).

Combined with the voluntary remedial measures that Ringger already has taken, a small monetary sanction will suffice to emphasize that wasting the Court's time and limited resources chasing false legal authority must not happen again. There is nothing inherently wrong with using legal research tools powered by artificial intelligence—just as, in all prior generations of the American legal profession, there was nothing inherently wrong with a supervising attorney relying on the research and analysis of junior attorneys, paralegals, firm librarians, or other staff. *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023) ("In researching and drafting court submissions, good lawyers appropriately obtain assistance from junior lawyers, law students, contract lawyers, legal encyclopedias and databases such as Westlaw and LexisNexis. Technological advances are commonplace and there is nothing inherently improper about using a reliable artificial intelligence tool for assistance."). The supervisory attorney, however, always bore ultimate responsibility for the accuracy of the final product. In that sense, artificial intelligence is nothing more than a new and technologically interesting way to violate Rule 11. *See Safe Choice, LLC v. City of Cleveland*, No. 1:24-CV-02033-PAB, 2025 WL 2958211, at *4 (N.D. Ohio Oct. 17, 2025) ("Attorneys, seemingly, need to be continually reminded that using AI software to craft a brief does not obviate their responsibilities under Rule 11.") (citation omitted).

2

The novel danger with artificial intelligence is how much easier a Rule 11 violation becomes when using it. Submitting false legal authority by conventional means requires either willfulness or a failure by multiple professionals involved in the preparation of a document. The probability of false legal authority slipping past multiple reviewers is low. In contrast, artificial intelligence combines the illusion of thorough review and analysis with the temptations of speed and low cost. *See Buckner v. Hilton Glob.*, No. 3:24-CV-375-RGJ, 2025 WL 1725426, at *6 (W.D. Ky. June 20, 2025) ("AI programs are based on complex mathematical systems that learn their skills by analyzing enormous amounts of digital data. They do not—and cannot—decide what is true and what is false.") (internal quotation marks and citation omitted). Attorneys now have the power to violate Rule 11 in embarrassing ways within minutes. *Cf. Rivera v. Triad Props. Corp.*, 829 F. Supp. 3d 983, 991 (N.D. Ala. 2026) (disqualification, notice to state bar, and other Rule 11 sanctions imposed for conduct that included three erroneous and error-filled documents filed within seven minutes).

In the face of technological temptations, vigilance is needed more than ever to ensure that the signatories to court submissions can account for every factual assertion and every legal argument that they file. *See Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025) ("To start with the obvious, an attorney who submits fake cases clearly has not *read* those nonexistent cases, which is a violation of Rule 11 of the Federal Rules of Civil Procedure."). This is where Ringger fell short, with quotations that did not exist and with legal citations that gave the impression that an argument in his favor had support when it did not. This conduct must be swiftly addressed and deterred. For those reasons, Ringger must be sanctioned. However, the Court takes note of the following: Ringger has no prior history of this conduct, as far as the Court knows; he has apologized; and he has committed himself to eliminating the

problem in the future. Given the mitigating factors present here, the sanction will be at the low end compared to sanctions assessed in different cases with more concerning scenarios. *See, e.g., id.* at 347–48 (collecting cases where false citations led to Rule 11 sanctions ranging from $1,500 to $15,000).

## Conclusion

For the foregoing reasons, the Court orders[1] as follows:

1)      Attorney Ringger has violated Rule 11[2] and is hereby publicly reprimanded through this order. Ringger also is assessed a monetary sanction of $1,500.00, payable to the Clerk of the Court within 30 days after entry of this order.

2)      The document at Doc. No. 293 will remain filed as is, but Ringger is granted leave to file the proposed supplemental corrected response (Doc. No. 328-3).

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

---

[1]      Because the sanction imposed is not dispositive of any claim or defense and is not imposed post-judgment, *see Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 997 (6th Cir. 1992), the Court is proceeding by non-dispositive order. *See Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *1 n.1 (E.D. Mich. Sept. 19, 2025) (collecting cases).

[2]      The Court agrees with Ringger that sanctions under the Court's inherent authority are not warranted.